**KASHFIAN & KASHFIAN LLP**
ROBERT A. KASHFIAN, ESQ. (SBN: 263173)
robert@kashfianlaw.com
RYAN D. KASHFIAN, ESQ. (SBN: 265293)
ryan@kashfianlaw.com
ERIC W. WANG, ESQ. (SBN: 336329)
ewang@kashfianlaw.com
GEORGE E. AKWO, ESQ. (SBN: 164670)
george@kashfianlaw.com
1875 Century Park East, Suite 360
Century City, California 90067
(310) 751 – 7578 | Telephone
(310) 751 – 7579 | Fax

Attorneys for Plaintiff
ROMA COSTUMES, INC.

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMA COSTUMES, Inc., a California corporation, <br><br> Plaintiff, <br><br> *vs*. <br><br> FENDI NORTH AMERICA, Inc., a New York corporation; FENDI, S.r.l., an Italian limited liability company; MARC JACOBS TRADEMARKS, LLC, a Delaware limited liability company; MARC JACOBS INTERNATIONAL, LLC, a Delaware limited liability company; and DOES 1-20, inclusive, <br><br> Defendants. | Case No. _____ <br><br> **COMPLAINT FOR:** <br><br> **(1) FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);** <br><br> **(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)); AND** <br><br> **(3) COMMON LAW TRADEMARK INFRINGEMENT; AND** <br><br> **(4) UNFAIR COMPETITION (CAL. BUS. & PROF. CODE §§ 17200–17208)** <br><br> **DEMAND FOR JURY TRIAL** |



COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

COMES NOW, Plaintiff ROMA COSTUMES, Inc. DBA ROMA COSTUME, ("Plaintiff") for its causes of action against Defendants FENDI, S.r.l., FENDI NORTH AMERICA, Inc., DOES 1-10, inclusive, ("Fendi Defendants") MARC JACOBS TRADEMARKS, LLC, MARC JACOBS INTERNATIONAL, LLC, and DOES 11-20, inclusive, (collectively, "Marc Jacobs Defendants," and with Fendi Defendants collectively referred to as "Defendants") alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this lawsuit to protect the substantial goodwill that it has developed for decades in Plaintiff's distinctive ROMA mark. Plaintiff's federally registered trademark has gained a reputation as being a source of high-quality goods (*e.g.*, women's clothing, costumes, and accessories, as well as related goods).

2.     The goodwill and reputation for quality that Plaintiff has worked so hard to cultivate is being threatened by Defendants' actions. Defendants have used and continue to use Fendi Defendants' Fendi's Roma logo, reimagined by Marc Jacobs Defendants (the "Reimagined Fendi's Roma logo"), which is confusingly similar to Plaintiff's ROMA mark, to sell competing goods to many of the same consumers served by Plaintiff. Unless Defendants are enjoined from using the Reimagined Fendi's Roma logo, such use will continue to cause consumer confusion and will cause irreparable harm to Plaintiff.

3.     This action seeks injunctive relief, damages and other appropriate relief arising from Defendants' willful acts of trademark infringement and unfair competition.

## JURISDICTION AND VENUE

4.     This is an action for infringement of a federally registered trademark in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)) and for unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This action also includes claims under California law for trademark infringement and unfair competition.

5.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves substantial claims arising

KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW



2

1   under the federal Lanham Act.

2       6.    This Court has supplemental jurisdiction over Plaintiff's state law claims

3   under 28 U.S.C. § 1367.

4       7.    This Court has personal jurisdiction over Defendants. Defendants' acts of

5   infringement of Plaintiff's registered mark were committed in the Central District of

6   California, Western Division, within the jurisdiction of this Court. Defendants have

7   advertised its goods under the infringing mark in this state and has transacted business by

8   selling its goods to retail stores and online within this state that offer its products to the

9   public under the infringing mark. Defendants have engaged in substantial activity within

10   California and this judicial district and has had substantial contacts there, having

11   purposefully availed itself of the privilege of conducting activities in the forum.

12   Defendants have caused injury to Plaintiff within California and within this judicial

13   district.

14       8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants

15   may be found or transact business in this district and a substantial part of the events giving

16   rise to Plaintiff's claims occurred and are continuing to occur in this district.

17                           **PARTIES**

18       9.    Plaintiff ROMA COSTUMES, Inc. DBA ROMA COSTUME, ("Plaintiff") is

19   a corporation duly organized and existing under the laws of the State of California, having

20   an office and place of business at 2501 N. Ontario Street, Burbank, CA 91504.

21       10.    Upon information and belief, Defendant FENDI, S.r.l., is a limited liability

22   company purportedly organized and existing pursuant to the laws of Italy, with its

23   principal place of business at Palazzo della Civiltà Italiana, Quadrato della Concordia n°3,

24   Rome, Italy 00144.

25       11.    Upon information and belief, Defendant FENDI NORTH AMERICA, Inc., is

26   a corporation purportedly organized and existing pursuant to the laws of the State of New

27   York, with its principal place of business at 555 Madison Avenue, New York, NY 10022.

28       12.    Upon information and belief, Defendant MARC JACOBS TRADEMARKS,



KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

LLC, is a limited liability company purportedly organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 72 Spring Street, New York, NY 10012.

13.     Upon information and belief, Defendant MARC JACOBS INTERNATIONAL, LLC, is a limited liability company purportedly organized and existing pursuant to the laws of the State of Delaware, with its principal place of business at 72 Spring Street, New York, NY 10012.

14.     Plaintiff is presently ignorant of the true names and capacities of Defendants DOES 1-20, inclusive, and therefore sues Defendants DOES 1-20, inclusive, by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Defendants DOES 1-20, inclusive, when ascertained.

15.     Upon information and belief, each of the fictitiously-named defendants (*i.e.,* Defendants DOES 1-20, inclusive) is an aider and abettor, co-conspirator, joint tortfeasor or actor, agent, employee or affiliate of each of the named defendants (*i.e.*, Defendants FENDI, S.r.l., FENDI NORTH AMERICA, Inc., MARC JACOBS TRADEMARKS, LLC, and MARC JACOBS INTERNATIONAL, LLC) and is legally responsible for the unlawful conduct alleged in this Complaint.

16.     Defendants FENDI, S.r.l., FENDI NORTH AMERICA, Inc., DOES 1-10, inclusive, are referred to in this Complaint as "Fendi Defendants." Defendants MARC JACOBS TRADEMARKS, LLC, MARC JACOBS INTERNATIONAL, LLC, and DOES 11-20, inclusive, are referred to in this Complaint as "Marc Jacobs Defendants." Marc Jacobs Defendants and Fendi Defendants are collectively referred to in this Complaint as "Defendants." Upon information and belief, at all relevant times, Marc Jacobs Defendants were aider and abettors, co-conspirators, joint tortfeasors, joint venturers, or actors, agents, employees or affiliates of Fendi Defendants and are legally responsible for the unlawful conduct alleged in this Complaint.

17.     Upon information and belief, at all relevant times, Marc Jacobs Defendants were the co-conspirator of Fendi Defendants. Upon information and belief, in engaging in



the conduct alleged in this Complaint, Defendants were acting upon their agreement to carry out a common plan or design to harm Plaintiff, with full knowledge of Plaintiff's rights and the other Defendants' intention to violate those rights. Upon information and belief, in so doing, each Defendant acted with the intent to aid in the commission of that harmful conduct against Plaintiff.

18.     Upon information and belief, at all relevant times, Marc Jacobs Defendants were the aider and abettor of Fendi Defendants. Upon information and belief, in engaging in the conduct alleged in this Complaint, Marc Jacobs Defendants knew and/or should have known that Fendi Defendants were violating Plaintiff's rights, Marc Jacobs Defendants gave substantial assistance or encouragement to Fendi Defendants, and Marc Jacobs Defendants' conduct was a substantial factor in causing harm to Plaintiff as alleged in this Complaint.

19.     Upon information and belief, at all relevant times, Marc Jacobs Defendants and Fendi Defendants entered into a joint venture with regard to the Reimagined Fendi's Roma logo, such that they are each responsible for the wrongful conduct of the other in furtherance of the venture. Upon information and belief, in engaging in the conduct alleged in this Complaint, Marc Jacobs Defendants and Fendi Defendants combined their property, skill, or knowledge with the intent to carry out a single business undertaking— namely, creating the Reimagined Fendi's Roma logo for use, distribution, and profit. Upon information and belief, at all relevant times, Marc Jacobs Defendants and Fendi Defendants have and/or had an ownership interest in the business undertaking. Upon information and belief, at all relevant times, Marc Jacobs Defendants and Fendi Defendants have and/or had joint control over the business, even if they agree to delegate control. Upon information and belief, at all relevant times, Marc Jacobs Defendants and Fendi Defendants agreed to and do share the profits and losses of the business.

20.     Upon information and belief, at all relevant times, each Defendant was the agent, affiliate, officer, director, manager, principal, alter-ego, aider and abettor, co-conspirator, joint venturer, joint tortfeasor, and/or employee of the remaining Defendants



KASHFIAN &
KASHFIAN LLP
ATTORNEYS AT LAW

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

and was at all times alleged hereunder acting within the scope of such agency, affiliation, alter-ego relationship, aiding and abetting, conspiracy, joint venture, joint tortfeasor conduct, and/or employment, and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged hereunder, with full knowledge of all the facts and circumstances.

**STATEMENT OF FACTS**

A.      **Plaintiff's Business and Trademarks.**

21.      Plaintiff is one of the leading designers and manufacturers of women's clothing, costumes, and accessories, as well as related goods. Plaintiff sells women's clothing, costumes, and accessories, as well as related goods, throughout the United States of America.

22.      Plaintiff is the owner of two registered and incontestable trademarks, Reg. Nos. 4330234 and 4330235, both of which issued on May 7, 2013, on the principal register of the United States Patent and Trademark Office. These registrations are for the word marks ROMA and ROMA COSTUMES (collectively, the "ROMA mark"). The ROMA mark disclaims the word "COSTUMES" and includes but is not limited to:

> Fitted clothing for women, namely, costumes in the nature of
> bathing costumes, costumes for use in role-playing games,
> dance costumes, Halloween costumes and sexy costumes in the
> nature of masquerade costume and role playing game costume,
> lingerie, swimwear, dresses, nightwear and undergarments;
> accessories, namely, headbands and shoes.

A true copy of these registrations is attached as Plaintiff's Exhibit A and B.

23.      Plaintiff has sold women's clothing, costumes, and accessories, as well as related goods, in United States commerce under the ROMA mark for decades. Plaintiff has used the ROMA mark continuously in United States commerce for decades. Plaintiff's right to use the ROMA mark has become incontestable under the provisions of 15 U.S.C. § 1065, and the registration of the ROMA mark is valid and subsisting and has never been

KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW



COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

cancelled.

24.     Plaintiff has spent significant sums advertising and promoting its goods and services throughout the United States and under the ROMA mark. Plaintiff both adds to and relies upon the value and goodwill of the ROMA mark to derive income from its business activities in connection with the ROMA mark.

25.     Plaintiff's goods are sold under the ROMA mark in shops throughout the United States, on Plaintiff's website, and on online shops.

26.     Plaintiff has invested substantial time, effort and financial resources promoting Plaintiff's ROMA mark in connection with the marketing and sale of its goods in interstate commerce. Plaintiff's ROMA mark has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products, and its goodwill. The consuming public recognizes the ROMA mark and associates it with Plaintiff.

27.     Plaintiff's ROMA mark is inherently distinctive as applied to Plaintiff's goods that bear the ROMA mark.

///

///

///

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

**B.      The Infringing Reimagined Fendi's Roma Logo.**

28.      Fendi Defendants are the owner of a registered trademark, Reg. No. 6868374, issued on October 11, 2022, for the following stylized mark consisting of the stylized wording "FENDI" in larger size font stacked on top of "ROMA" with the wording appearing bigger in the middle than on the sides, ("Fendi's Roma logo"):



A true copy of Fendi Defendants' registration is attached as Plaintiff's Exhibit C.

29.      Fendi Defendants' registration included in relevant part the following goods:

> Bags, namely, purses; shoulder bags; travelling bags; handbags; belt bags; sling bags for carrying infants; leather and cloth shopping bags; trunk bags; shopping bags made of leather and cloth; clutch bags; trunks; wallets; purses; document bags; briefcases; leather bags for packing; school bags; suitcases; garment bags for travel; key cases of leather; backpacks; empty beauty cases; general purpose trolley bags; beach bags; . . .
>
> Clothing, namely, dresses; footwear; headwear; sweaters; jerseys; jackets; sweat shirts; parkas; swimming costumes; chemisettes; shirts; trousers; denim jeans; waistcoats; skirts; shorts; tee-shirts; gowns; men's suits; coats; mackintoshes,

KASHFIAN &
KASHFIAN LLP
ATTORNEYS AT LAW



COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN. AND UNFAIR COMPETITION

1  namely, a full-length waterproof coat; topcoats; fur coats and

2  jackets; aprons; underwear; shawls; scarves; neckties; gloves;

3  belts; shoes; boots; sandals; slippers; hats; caps being headwear

4  30.     Fendi Defendants' registration expressly disclaimed the right to use

5  "ROMA" apart from the mark as shown.

6  31.     Notwithstanding Plaintiff's established rights in the ROMA mark, sometime

7  before December 2022, Fendi Defendants in collaboration with Marc Jacobs Defendants

8  purportedly reimagined Fendi's Roma logo, such that the use of "ROMA" was no longer

9  as shown above. Even though Fendi Defendants' registration expressly disclaimed the

10  right to use "ROMA" apart from the mark as shown, Fendi Defendants in collaboration

11  with Marc Jacobs Defendants made "ROMA" the centerpiece of Fendi Defendants' goods,

12  as illustrated below, (the "Reimagined Fendi's Roma logo"), thereby adopting and using

13  the confusingly similar logo in interstate commerce in connection with the sale and

14  offering for sale of Defendants' women's clothing, costumes, and accessories, as well as

15  related goods, in approximately December 2022.

16  32.     Moreover, on December 5, 2022, Defendants launched a video on Fendi

17  Defendants' YouTube channel, entitled *The Fendi Roma logo reimagined by Marc*

18  *Jacobs*, expressly stating that "[i]n the Fendi Roma Capsule, Marc Jacobs has infused the

19  Fendi Roma logo with his signature downtown New York aesthetic. Explore the capsule

20  exclusively in boutiques and at Fendi.com."[1] Several magazine articles picked up the

21  story.[2] Below is a screenshot of on Fendi Defendants' YouTube channel announcing the

---

[1] Fendi – YouTube, *The Fendi Roma logo reimagined by Marc Jacobs*, (Dec. 5, 2022) available at https://www.youtube.com/watch?v=g4diaNpOxZ0.

[2] E.g., Luxury Daily, *Marc Jacobs reimagines Fendi's logo for latest Roma Capsule collection* (Nov. 28, 2022), available at https://www.luxurydaily.com/marc-jacobs-reimagines-fendis-logo-for-latest-roma-capsule-collection/ ("LMVH-owned Italian fashion label Fendi will release Dec. 1 the latest in its Roma Capsule collection, this time featuring a reimagined logo by U.S. fashion designer Marc Jacobs."); The Global Herald, *The Fendi Roma logo reimagined by Marc Jacobs*, (Dec. 5, 2022), available at https://theglobalherald.com/lifestyle/fashion/the-fendi-roma-logo-reimagined-by-marc-

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

KASHFIAN &
KASHFIAN LLP
ATTORNEYS AT LAW

use of the Reimagined Fendi's Roma logo:



The Fendi Roma logo reimagined by Marc Jacobs

Fendi ✓
153K subscribers

Subscribe

👍 194   👎   ↗ Share   •••

262,099 views  Dec 5, 2022
In the Fendi Roma Capsule, Marc Jacobs has infused the Fendi Roma logo with his signature downtown New York aesthetic. Explore the capsule exclusively in boutiques and at Fendi.com.

Show less

33.    Fendi Defendants own the www.fendi.com domain name and various retail stores and sell Defendants' goods at the website connected to that domain name, as well as at Fendi Defendants' retail stores. Defendants have advertised Defendants' goods under the infringing trademark on social media sites or apps and in advertising media e.g.,

jacobs/ ("Fendi published this video item, entitled 'The Fendi Roma logo reimagined by Marc Jacobs'").

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW

newspapers, magazines, websites.

34. Some of the goods sold under the infringing Reimagined Fendi's Roma logo as the goods appears on Defendants' goods are depicted below:





COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



PRODUCT DETAILS

Small toiletry case with large inside compartment
and zipper closure. Made of nylon printed with the
Fendi Roma logo in black and white, reinterpreted
by Marc Jacobs in an all-over, oversize style.
Palladium-finish metalware.
Embellished with the exclusive Fendi Roma Marc
Jacobs New York City label.
Made in Italy

Composition:        95%polyamide, 5%resins, 100%calfleather,
                    inside:77%polyamide, 23%resins

Measurements:       ● Height: 12 cm
                    ● Depth: 7.5 cm
                    ● Width: 25 cm

Product Code:       7N0137AMTIF1GMN



 fendi ✔ · Follow                              ···

 fendi ✔ One word: logomania.

Launching tomorrow, the Fendi Roma Capsule featuring the
logo reimagined by @themarcjacobs.

Shop the capsule exclusively in boutiques and at Fendi.com.

Artistic Director of Couture and Womenswear: @mrkimjones
Artistic Director of Accessories and Menswear:
@silviaventurinifendi
Artistic Director of Jewelry: @delfinadelettrez

                       

32,091 likes
NOVEMBER 30

  Add a comment...                                    Post

///

///

///

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

KASHFIAN &
KASHFIAN LLP
ATTORNEYS AT LAW



35.     Upon information and belief, the goods sold by Defendants under the infringing Reimagined Fendi's Roma logo, include but are not limited to: 1) MINI SUNSHINE SHOPPER, two-tone printed leather Fendi Roma Capsule mini-bag; 2) MON TRESOR, two-tone printed leather Fendi Roma Capsule mini-bag; 3) FENDIGRAPHY SMALL, two-tone printed leather Fendi Roma Capsule bag; 4) BAGUETTE, two-tone leather Fendi Roma Capsule bag; 5) FENDI FIRST MIDI, two-tone printed nappa leather Fendi Roma Capsule bag; 6) PEEKABOO ISEEU SMALL, two-tone printed leather Fendi Roma Capsule bag; 7) PEEKABOO ISEEU MEDIUM, two-tone printed leather Fendi Roma Capsule bag; 8) PEEKABOO MINI, two-tone printed leather Fendi Roma Capsule bag; 9) FENDI SUNSHINE MEDIUM, two-tone printed leather Fendi Roma Capsule shopper; 10) STRAP YOU, two-tone Fendi Roma Capsule jacquard webbing shoulder strap; 11) BAGUETTE PHONE POUCH, two-tone nappa leather Fendi Roma Capsule pouch; 12) DRAWSTRING BACKPACK, two-tone nylon Fendi Roma Capsule backpack; 13) PEEKABOO ISEEU MINI, two-tone leather Fendi Roma Capsule bag; a) PEEKABOO ISEEU MEDIUM, black leather Fendi Roma Capsule bag; 14) TOILETRY CASE SMALL, two-tone nylon Fendi Roma Capsule toiletry case; 15) FF FLAT POUCH, two-tone leather Fendi Roma Capsule pouch; 16) FENDI ROMA LARGE FLAT POUCH, two-tone leather Fendi Roma Capsule pouch; 17) FENDI ROMA CARD HOLDER, two-tone nappa leather Fendi Roma Capsule; 18) FENDI ROMA MICRO TRIFOLD, two-tone nappa leather Fendi Roma Capsule wallet; 19) FENDI ROMA CONTINENTAL WITH CHAIN, two-tone nappa leather Fendi Roma Capsule wallet; 20) SWEATER, two-tone Fendi Roma Capsule knit pullover; 21) SKIRT, two-tone Fendi Roma Capsule knit skirt; 22) PONCHO, Fendi Roma Capsule poncho in two-tone fabric; 23) SCARF, two-tone Fendi Roma Capsule knit scarf; 24) FF SHAWL, two-tone wool Fendi Roma Capsule shawl; 25) SHOW FOULARD, two-tone silk Fendi Roma Capsule foulard; 26) HAIR ELASTIC, two-tone silk Fendi Roma Capsule hair elastic; 27) WRAPPY, two-tone silk Fendi Roma Capsule bandeau; 28) BEANIE, two-tone Fendi Roma Capsule jersey hat; 29) HAT, two-tone canvas Fendi Roma Capsule bucket hat; 30)

KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW

HAT, two-tone canvas Fendi Roma Capsule baseball; 31) SWEATSHIRT, white jersey Fendi Roma Capsule sweatshirt; 32) T-SHIRT, two-tone jersey Fendi Roma Capsule sweatshirt; 33) DRESS, two-tone cotton Fendi Roma Capsule T-shirt; a) PANTS, black denim Fendi Roma Capsule pants; 34) JACKET, black denim Go-To jacket; a) JACKET, two-tone nylon Fendi Roma Capsule jacket; 35) PANTS, two-tone nylon Fendi Roma Capsule pants; 36) BLOUSON, black tech fabric Fendi Roma Capsule jacket; a) JACKET, black denim Fendi Roma Capsule jacket; 37) JACKET, two-tone tech fabric Fendi Roma Capsule shirt; 38) DENIM, black denim Fendi Roma Capsule jeans; and 39) WINDBREAKER JACKET, two-toned nylon Fendi Roma Capsule windbreaker jacket.

36.     Upon information and belief, Fendi Marc Jacobs Defendants conspired with Fendi Defendants to harm—as well as aided and abetted Fendi Defendants to harm—Plaintiff through the acts as alleged in this Complaint. Specifically, upon information and belief, sometime before December 2022, Fendi Defendants and Marc Jacobs Defendants conspired together—as well as aided and abetted each other—in creating the Reimagined Fendi's Roma logo for use and distribution in violation of Plaintiff's trademark rights.

///

///

///



COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

## COUNT 1 – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

37.     Plaintiff realleges and incorporates by reference the allegations of paragraphs above inclusive, as though fully set forth.

38.     As its first ground for relief, Plaintiff alleges federal trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39.     Without Plaintiff's consent, Defendants have used and continues to use the infringing Reimagined Fendi's Roma logo in connection with the sale, offering for sale, distribution, manufacturing, marketing, design and/or advertising of its goods, including but not limited to the goods identified in paragraphs 31 through 35 of this Complaint.

40.     Defendants have engaged in its infringing activity despite having constructive notice of Plaintiff's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Plaintiff's use of the ROMA mark.

41.     Defendants' actions are likely to mislead the public into concluding that Defendants' goods originate with or are authorized by Plaintiff—and/or, alternatively[3], are

---

[3] Plaintiff pleads in the alternative "reverse confusion" to put Defendants on notice of its potential theory, although Plaintiff is not required to do so. See, *Marketquest Group, Inc. v. BIC Corp.*, 862 F.3d 927, 932 (9th. Cir. 2017). As the Ninth Circuit has explained "reverse confusion occurs when a person who knows only of the well-known junior user comes into contact with the lesser-known senior user, and because of the similarity of the marks, mistakenly thinks that the senior user is the same as or is affiliated with the junior user." *Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1160 (9th Cir. 2021) (citing *Dreamwerks Prod. Grp., Inc. v. SKG Studio*, 142 F.3d 1127, 1130 (9th Cir. 1998)). Furthermore, "[a]ffiliation with a popular well-known brand may seem beneficial, but reverse confusion carries consequences." *Id*. As the Ninth Circuit explains,

Reverse confusion can foreclose the senior user from expanding into related fields and could place the senior company's goodwill in the hands of the junior user. *Dreamwerks*, 142 F.3d at 1129. As the Sixth Circuit explained, the result of reverse confusion "is that the senior user loses the value of the trademark—its product identity, corporate identity, control over its goodwill and reputation, and ability to move into new markets." *Ameritech, Inc. v. Am. Info. Techs. Corp.*, 811 F.2d 960, 964 (6th Cir. 1987); see also *Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins.*

likely to mislead the public into concluding that Plaintiff's goods originate with or are authorized by Defendants—which will damage both Plaintiff and the public. Plaintiff has no control over the quality of goods sold by Defendants and because of the source confusion caused by Defendants, Plaintiff has lost control over its valuable goodwill.

42.    Upon information and belief, Defendants have advertised and offered Defendants' goods for sale using the infringing Reimagined Fendi's Roma logo with the intention of misleading, deceiving, and/or confusing consumers as to the origin of Defendants' goods and of trading on Plaintiff's reputation and goodwill. Defendants' use of the infringing Reimagined Fendi's Roma logo constitutes willful, deliberate and intentional trademark infringement.

43.    Defendants' unauthorized use of the infringing Reimagined Fendi's Roma logo in interstate commerce as described above constitutes trademark infringement under 15 U.S.C. § 1114(1) and has caused and is likely to continue to cause consumer confusion, reverse confusion, mistake, and/or deception.

44.    As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have unfairly acquired and will continue to unfairly acquire income, profits and goodwill.

45.    Defendants' acts of infringement will cause further irreparable injury to Plaintiff, if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

///

///

///

_Agency, Inc._, 214 F.3d 432, 445 (3d Cir. 2000) ("[T]he doctrine of reverse confusion is designed to prevent the calamitous situation [where] a larger, more powerful company usurp[s] the business identity of a smaller senior user.").

_Ironhawk_, 2 F.4th at 1160.

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW



## COUNT II – FEDERAL UNFAIR COMPETITION AND FALSE
## DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

46.     Plaintiff realleges and incorporates by reference the allegations of paragraphs above inclusive, as though fully set forth.

47.     As its second ground for relief, Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48.     Defendants' unauthorized marketing and sale of Defendants' goods— including but not limited to the goods identified in paragraphs 31 through 35 of this Complaint—in interstate commerce using the Reimagined Fendi's Roma logo constitutes use of a false designation of origin or false representation that wrongfully and falsely designates Defendants' goods as originating from or connected with Plaintiff and constitutes the use of false descriptions or representations in interstate commerce. The actions of Defendants as alleged herein constitute intentional, willful, knowing and deliberate unfair competition.

49.     Defendants' actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

50.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

51.     Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

///

///

///



COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

52.     Plaintiff realleges and incorporates by reference the allegations of paragraphs above inclusive, as though fully set forth.

53.     As its third ground for relief, Plaintiff alleges common law trademark infringement under California law.

54.     Defendants' acts alleged in this Complaint, including without limitation Defendants' use of the Reimagined Fendi's Roma logo, infringe on Plaintiff's exclusive trademark rights in the ROMA mark, in violation of California common law.

55.     As a direct and proximate result of Defendants' trademark infringement, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

56.     Defendants' acts of infringement will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

///

///

///

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION

## COUNT IV – UNFAIR COMPETITION
## (CAL. BUS. & PROF. CODE §§ 17200–17208)

57.     Plaintiff realleges and incorporates by reference the allegations of paragraphs above inclusive, as though fully set forth.

58.     As its fourth ground for relief, Plaintiff alleges unfair competition in violation of CAL. BUS. & PROF. CODE §§ 17200–17208.

59.     Defendants' acts of unauthorized marketing and sale of Defendants' goods—including but not limited to the goods identified in paragraphs 31 through 35 of this Complaint—in commerce using the Reimagined Fendi's Roma logo constitute infringement which has caused and continues to cause irreparable injury to the value and goodwill of Plaintiff's ROMA mark, as well as to Plaintiff's business, goodwill, and reputation. Defendants' actions, if not enjoined, will continue through the same channels of trade use by Plaintiff and to the same customers targeted by Plaintiff. Defendants' actions as alleged in this Complaint constitute unfair competition, which, upon information and belief, was intentional, willful, knowing and deliberate.

60.     As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and will continue to suffer irreparable loss of income, profits and goodwill and Defendants have and will continue to unfairly acquire income, profits and goodwill.

61.     Defendants' acts of unfair competition will cause further irreparable injury to Plaintiff if Defendants are not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

///

///

///

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN. AND UNFAIR COMPETITION

## REQUESTED RELIEF

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that this Court enter an Order granting it the following relief:

A.      Entering a judgment that Plaintiff's registered Plaintiff's ROMA mark has been and continues to be infringed by Defendants in violation of 15 U.S.C. § 1114(1);

B.      Entering a judgment that Defendants' use of the Reimagined Fendi's Roma logo constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a);

C.      Entering a judgment that Defendant's use of Defendants' use of the Reimagined Fendi's Roma logo constitutes common law trademark infringement under California law;

D.      Entering a judgment that Defendant's use of Defendants' use of the Reimagined Fendi's Roma logo constitutes law unfair competition under CAL. BUS. & PROF. CODE §§ 17200–17208;

E.      Permanently enjoining and restraining Defendants and each of their agents, representatives, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them from using the Reimagined Fendi's Roma logo, with or without its accompanying logo or any other designation, alone or in combination with other words or symbols, as a trademark or trade name component or otherwise, to market, advertise, distribute or identify Defendants' products where that designation would create a likelihood of confusion, mistake or deception with Plaintiff's ROMA mark;

F.      Pursuant to 15 U.S.C. § 1116(a), directing Defendants to file with the Court and serve on Plaintiff within thirty (30) days after issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      Pursuant to 15 U.S.C. § 1118, requiring that Defendants and all others acting under Defendants' authority, at their cost, be required to deliver up and destroy all devices, literature, advertising, labels and other material in their possession bearing the

KASHFIAN & KASHFIAN LLP
ATTORNEYS AT LAW


infringing designation;

H.      Pursuant to 15 U.S.C. § 1119, enjoining the Director of the United States Patent and Trademark Office from issuing to Defendants any trademark registration for Defendants' Reimagined Fendi's Roma logo or any combination of words or symbols that would create a likelihood of confusion, mistake or deception with Plaintiff's mark, including, or ordering cancellation of any such registrations previously granted to Defendant;

I.      Awarding Plaintiff all damages it sustained as the result of Defendant's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

J.      Awarding Plaintiff all profits received by Defendant from sales and revenues of any kind made as a result of its willful and intentional infringing actions, said amount to be trebled, after an accounting, pursuant to 15 U.S.C. § 1117;

K.      Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117; and

L.      Granting Plaintiff such other and further relief as the Court may deem just.


Dated:  December 15, 2022                    KASHFIAN & KASHFIAN LLP

                                             /s/ Robert A. Kashfian, Esq.
                                             _____
                                             Robert A. Kashfian, Esq.
                                             Ryan D. Kashfian, Esq.
                                             Eric W. Wang, Esq.
                                             George E. Akwo, Esq.

                                             *Attorneys for Defendant*
                                             ROMA COSTUMES, INC.,
                                             a California corporation

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable

Dated:  December 15, 2022                    KASHFIAN & KASHFIAN LLP

/s/ *Robert A. Kashfian, Esq.*

Robert A. Kashfian, Esq.
Ryan D. Kashfian, Esq.
Eric W. Wang, Esq.
George E. Akwo, Esq.

*Attorneys for Defendant*
ROMA COSTUMES, INC.,
a California corporation

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# EXHIBIT A

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION



# United States of America
## United States Patent and Trademark Office

# ROMA

**Reg. No. 4,330,234**

**Registered May 7, 2013**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

ROMA COSTUMES INC. (CALIFORNIA CORPORATION), DBA ROMA COSTUME
2501 N ONTARIO ST
BURBANK, CA 91504

FOR: FITTED CLOTHING FOR WOMEN, NAMELY, COSTUMES IN THE NATURE OF BATHING COSTUMES, COSTUMES FOR USE IN ROLE-PLAYING GAMES, DANCE COSTUMES, HALLOWEEN COSTUMES AND SEXY COSTUMES IN THE NATURE OF MASQUERADE COSTUME AND ROLE PLAYING GAME COSTUME, LINGERIE, SWIMWEAR, DRESSES, NIGHTWEAR AND UNDERGARMENTS; ACCESSORIES, NAMELY, HEADBANDS AND SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 10-0-1992; IN COMMERCE 10-0-1992.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 85-467,407, FILED 11-8-2011.

JENNY PARK, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# EXHIBIT B

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION



# United States of America
## United States Patent and Trademark Office

# ROMA COSTUMES

**Reg. No. 4,330,235**

**Registered May 7, 2013**

**Int. Cl.: 25**

**TRADEMARK**

**PRINCIPAL REGISTER**

ROMA COSTUMES INC. (CALIFORNIA CORPORATION), DBA ROMA COSTUME
2501 N ONTARIO ST
BURBANK, CA 91504

FOR: FITTED CLOTHING FOR WOMEN, NAMELY, COSTUMES IN THE NATURE OF BATHING COSTUMES, COSTUMES FOR USE IN ROLE-PLAYING GAMES, DANCE COSTUMES, HALLOWEEN COSTUMES AND SEXY COSTUMES IN THE NATURE OF MASQUERADE COSTUME AND ROLE PLAYING GAME COSTUME, LINGERIE, SWIMWEAR, DRESSES, NIGHTWEAR AND UNDERGARMENTS; ACCESSORIES, NAMELY, HEADBANDS AND SHOES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-0-2006; IN COMMERCE 1-0-2006.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COSTUMES", APART FROM THE MARK AS SHOWN.

SER. NO. 85-467,440, FILED 11-8-2011.

JENNY PARK, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.* *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**EXHIBIT C**

COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF
ORIGIN, AND UNFAIR COMPETITION

KASHFIAN &
KASHFIAN LLP
ATTORNEYS AT LAW

# United States of America

## United States Patent and Trademark Office



**Reg. No. 6,868,374**

**Registered Oct. 11, 2022**

**Int. Cl.: 3, 9, 14, 18, 20, 25, 30, 35**

**Service Mark**

**Trademark**

**Principal Register**

FENDI SRL  (ITALY LIMITED LIABILITY COMPANY)
Palazzo della Civiltà Italiana,
Quadrato della Concordia 3 I-00144 ROMA
ITALY

CLASS 3: Perfumes, eau de parfum, eau de Cologne, toilette water, after shave creams, after shave lotions, shaving lotions, hair lotions, shampoos, body creams, deodorants for personal use, antiperspirants for personal use, toilet soaps, bath soaps, bath and shower foams, bath and shower gels, body lotions, skin lotions; room perfumes

CLASS 9: Apparatus and instruments for conducting, switching, transforming, accumulating, regulating or controlling electricity; apparatus for recording, transmission or reproduction of sound or image; blank magnetic data carriers, recording discs; mechanisms for coinoperated apparatus; computer software, recorded, for the fashion industry; downloadable software, namely, downloadable software for the fashion industry; downloadable applications, namely, downloadable applications for the fashion industry; containers for contact lenses; diver's apparatus; divers' masks; diving suits; electronic publications, downloadable; eyeglass cases; eyeglass chains; eyeglass cords; eyeglass frames; goggles for sports; decorative magnets; mouse pads; pince-nez cases; pince-nez chains; pince-nez cords; pince-nez mountings; protective helmets for sports; riding helmets; spectacle cases; spectacle frames

CLASS 14: Jewelery and items of jewelery, namely, rings, key rings, buckles for watchbands, earrings, cufflinks, bracelets, charms, brooches, necklaces, chains, tie pins; horological and chronometric instruments such as watch bracelets, watches, wristwatches, pendulum clocks, alarm clocks, caskets and cases for horological articles

CLASS 18: Bags, namely, purses; shoulder bags; travelling bags; handbags; belt bags; sling bags for carrying infants; leather and cloth shopping bags; trunk bags; shopping bags made of leather and cloth; clutch bags; trunks; wallets; purses; document bags; briefcases; leather bags for packing; school bags; suitcases; garment bags for travel; key cases of leather; backpacks; empty beauty cases; general purpose trolley bags; beach



Director of the United States
Patent and Trademark Office



bags; umbrellas; baby carriers worn on the body; key cases

CLASS 20: Furniture, mirrors, picture frames; air cushions, not for medical purposes; air mattresses, not for medical purposes; air pillows, not for medical purposes; bead curtains for decoration; bedding, except linen, namely, pillows; busts of wood, wax, plaster or plastic; covers for clothing, namely, wardrobes; curtain holders, not of textile material; curtain tiebacks in the nature of non-textile curtain holders; cushions; doors for furniture; dressmakers' dummies; screens for fireplaces; house numbers, not of metal, non-luminous; indoor window blinds; infant walkers; mannequins; decorative mobiles; pet cushions; slatted indoor blinds; statues of wood, wax, plaster or plastic; statuettes of wood, wax, plaster or plastic; table tops; tailors' dummies; wind chimes as decorations; works of art, of wood, wax, plaster or plastic

CLASS 25: Clothing, namely, dresses; footwear; headwear; sweaters; jerseys; jackets; sweat shirts; parkas; swimming costumes; chemisettes; shirts; trousers; denim jeans; waistcoats; skirts; shorts; tee-shirts; gowns; men's suits; coats; mackintoshes, namely, a full-length waterproof coat; topcoats; fur coats and jackets; aprons; underwear; shawls; scarves; neckties; gloves; belts; shoes; boots; sandals; slippers; hats; caps being headwear

CLASS 30: Coffee, tea, cocoa and artificial coffee, rice, tapioca and sago, flour; bread, pastries and confectionery made of sugar; ices, sugar, honey, treacle, yeast, baking-powder, salt, mustard; vinegar, sauces; spices; frozen water ice; pasta

CLASS 35: Retail store services featuring optical apparatus and instruments, spectacles, eyeglasses, spectacle cases; Retail store services featuring jewellery, key rings, key chains, earrings, cufflinks, bracelets, charms, brooches, necklaces, tie pins, ornamental pins, horological instruments, horological articles, chronometric instruments, watches, watch cases, alarm clocks; retail store services featuring leather and imitations of leather, travelling bags, shoulder bags, tote bags, clutch bags, wallets, purses, holders in the nature of cases for keys, holders in the nature of wallets for keys, suitcases, briefcases; retail store services featuring clothing, footwear, headgear, pullovers, sweaters, jerseys, jumpers, jackets, sweatshirts, parkas, bathing suits, blouses, shirts, trousers, jeans, waistcoats, skirts, shorts, t-shirts, dresses, men's suits, coats, raincoats, overcoats, fur coats and jackets, overalls, underwear, vests, shawls, scarves, neckties, gloves (clothing), belts for clothing, shoes, boots, sandals, slippers, hats, caps; retail store services featuring apparatus and installations for lighting, heating, cooling, steam generating, cooking, drying, ventilating, water supply and sanitary purposes; retail store services featuring furniture, mirrors, picture frames, indoor window blinds and shades, mattresses, bed bases and pillows, animal housing and beds, household containers; retail store services featuring textiles and substitutes for textiles, household linen, bedspreads, pillow cases, pillow shams, towels, curtains; retail store services featuring carpets, rugs, mats and matting, linoleum and other materials for covering floors, wall hangings, wall paper; retail store services featuring food and beverages

The mark consists of stylized wording "FENDI" in larger size font stacked on top of "ROMA" with the wording appearing bigger in the middle than on the sides.

PRIORITY DATE OF 10-30-2020 IS CLAIMED

OWNER OF INTERNATIONAL REGISTRATION 1612923 DATED 02-26-2021, EXPIRES 02-26-2031

No claim is made to the exclusive right to use the following apart from the mark as shown: "ROMA"

The English translation of "ROMA" in the mark is "ROME".

SER. NO. 79-320,194, FILED 02-26-2021

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  See 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and  an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO).  The time periods for filing are based on the U.S. registration date (not the international registration date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.  See 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO.  Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.  See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO.  To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.